IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21871-CV-KING

JAMES A. BACON, KARL F. POPP,
and MARION BURK, individually and
on behalf of others similarly situated,

    Plaintiffs,

vs.

STIEFEL LABORATORIES, INC., a
Delaware corporation, CHARLES W.
STIEFEL, BRENT D. STIEFEL, TODD
STIEFEL, LODEWIJK DE VINK,
COMMITTEE MEMBER #1, COMMITTEE
MEMBER #2, COMMITTEE MEMBER
# 3, MATT S. PATULLO, TERRENCE N.
BOGUSH, and BOGUSH & GRADY, LLP.,
a New York Limited Liability Partnership,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

THIS CAUSE comes before the Court upon two motions to dismiss. One was filed by Stiefel Laboratories, Inc., Charles W. Stiefel, Brent D. Stiefel, Todd Stiefel, Lodewijk de Vink, Steve Karasick, Michael Cornelius, and Matt S. Pattullo (collectively, the "Stiefel Defendants") (DE #50), and one was filed by Terrence N. Bogush and Bogush & Grady, LLP (collectively, the "Bogush Defendants") (DE #51). Plaintiffs have filed Responses (DE #57 & 58), and both sets of Defendants have filed Replies (DE #66 & 65).

The factual allegations in the Amended Complaint (DE #47) are substantially the same as those set forth in the original Complaint, and those allegations are summarized in the Court's

1

Order Granting Motions to Dismiss in Part (DE #43). The instant Motions to Dismiss are directed at the Amended Complaint, and the Court will address each motion in turn.[1]

### I. The Stiefel Defendants' Motion to Dismiss

The Stiefel Defendants' first argument is that Plaintiffs lack standing to bring their ERISA claims. Claims under ERISA § 502(a) may be brought only by "participants," "fiduciaries," beneficiaries," and the Secretary of Labor. 29 U.S.C. § 1132(a). Participant is defined as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Thus, the Stiefel Defendants argue that Plaintiffs are not "participants" because they are no longer eligible to receive Plan benefits. This argument does not have merit. In *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1222 (11th Cir. 2008), the Eleventh Circuit squarely addressed this issue, holding that "[a] complaint for the decrease in value of a defined contribution account due to a breach of fiduciary duty is not for damages because it is limited to the difference between the benefits actually received and the benefits that would have been received if the plan management had fulfilled its statutory obligations. Because their complaint is for benefits, not damages, the former employees qualify as participants." That is precisely the case here: Former employees are seeking the true value of their ERISA benefits, which is the fair market value of their company stock. *See also LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 256 n. 6 (2008) ("A plan 'participant,' as defined by § 3(7) of ERISA, 29 U.S.C. § 1002(7), may include a former

---

[1] Two preliminary issues need to be addressed. First, Plaintiffs' suggestion that Defendants have waived arguments not raised in the first motion to dismiss is without merit. Under Federal Rule of Civil Procedure 12(h)(2), a defense of failure to state a claim is not waived by the failure to raise it in a first motion. Second, Plaintiffs failed to file their Amended Complaint within 30 days as required by Court Order. Plaintiffs argue that Federal Rule of Civil Procedure 6(d) provides them with 3 additional days. This is incorrect. Rule 6(d) adds 3 days when action must be taken "within a specified time after service." Here, Plaintiffs were not ordered to act within a specified time after service. When the Court orders action by a certain date, such action must be taken by that date, not 3 days later. In the interests of justice, however, the Court will accept Plaintiffs' late submissions.

employee with a colorable claim for benefits."). Thus, Plaintiffs qualify as participants.

The Stiefel Defendants' next argument is that ERISA § 502(a)(2) only authorizes relief on behalf of an ERISA Plan itself, and does not provide a basis for personal monetary recovery. While this may have been true before *LaRue*, the Supreme Court has recently held that, when examining the ERISA text as a whole, a participant may sue for fiduciary breaches that affect the value of Plan assets in an individual's account. *LaRue*, 552 U.S. at 256 ("We therefore hold that although § 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account."). Thus, Defendants are not entitled to dismissal on this basis.

Next, the Stiefel Defendants argue that ERSIA § 502(a)(3) only authorizes traditional forms of equitable relief, such as injunctions and restitution, and does not provided for monetary damages. This argument is premature, and may be addressed at a later stage in this litigation, such as summary judgment. At this point, it would be inappropriate for the Court to sort through Plaintiffs' counts to determine which ones authorize certain types of relief.

The Stiefel Defendants' next argument is that Plaintiffs have not pled sufficient facts showing that an ERISA prohibited transaction occurred. ERISA defines a "prohibited transaction" as, *inter alia*, a transaction between an ERISA plan and a "party in interest." 29 U.S.C. § 11069(a). Thus, the Stiefel Defendants argue that the transaction at issue was between Plaintiffs and Stiefel Laboratories, Inc. ("the Company"), neither of which is the ERISA Plan. However, the documents in the record regarding the transaction at issue show that Plaintiff Palakovich appointed the Plan to act as his agent to effectuate the sale of the stock. *See* DE #50-1. Thus, this was a transaction between the Plan and the Company, and the individual plaintiffs

merely needed to authorize the selling of the shares that they "owned" but were held by the Plan. Therefore, Plaintiffs have alleged sufficient facts to assert a prohibited transaction under ERISA.[2]

Next, the Stiefel Defendants argue that Plaintiffs have failed to state a claim for breach of ERISA fiduciary duties because there is no duty under ERISA to disclose corporate events that would affect the price of the stock. This is essentially the same argument that Defendants made in seeking dismissal of the securities fraud count. The Court rejects that argument for the same reasons: Although ordinarily ERISA fiduciaries, just like corporate directors, have no duty to disclose merger discussions, when those fiduciaries send communications to shareholders reporting the price of the stock while knowing that the price is probably inaccurate, such merger discussions constitute material information that must be disclosed. Defendants' reliance on *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007 (11th Cir. 2003), is misplaced. *Ervast* did not hold that directors are not required to disclose merger discussions. Moreover, in *Ervast* the plaintiff did not claim that his stock was valued incorrectly, he claimed that information about merger discussions would have affected his decision on when to retire. Therefore, Plaintiffs have adequately pled that defendants breached their fiduciary duties by failing to disclose material information which affected the fair market value of the stock—i.e., the benefit due to Plaintiffs under the Plan.

The Stiefel Defendants' next argument is that Plaintiffs have failed to state a claim for breach of ERISA fiduciary duties against the director defendants. That is, they argue that the directors merely appoint the ERISA fiduciaries, their duties are limited to monitoring the ERISA fiduciaries, and Plaintiffs have not pled any facts showing they were aware of wrongdoing but

---

[2] The Court also notes that, even if this were a transaction solely between Palakovich and the Company, the Plan should not be permitted to avoid the requirements of the statute by transferring the shares to a third party, *then* transferring them to a party in interest.

failed to correct it. However, as recognized in the Court's discussion of the securities fraud count, this argument ignores the allegations in the Complaint that establish that the directors knew that the communicated stock price was probably false. Thus, the allegations sufficiently establish that the director defendants knew of the wrongdoing but failed to correct it, and Plaintiffs' claims should not be dismissed on this basis.

Next, the Stiefel Defendants argue that the claim for improperly selecting the appraiser should be dismissed against all defendants except the Trustee because the Trustee is the only one responsible for appointing the appraiser. This argument is premature and may be raised at a later stage.

Next, the Stiefel Defendants argue that the claim for breach of co-fiduciary duty should be dismissed because ERISA creates liability for this type of breach only if the defendant knew about the other fiduciary's breach and failed to remedy it. *See* 29 U.S.C. § 1105(a)(3). They argue that Plaintiffs have failed to plead sufficient facts to show that the defendants knew about the other fiduciaries' breach. The Court disagrees. Plaintiffs have pled sufficient facts to proceed with this claim.

Finally, the Stiefel Defendants re-assert their argument that Count 5 (Florida Securities Act) and Count 7 (common law breach of corporate fiduciary duty) are preempted by ERISA. Although Plaintiffs have added several conclusory legal statements, they have made no new *factual* assertions regarding these claims, and therefore nothing about the Court's earlier preemption analysis has changed. Therefore, Counts 5 and 7 are preempted by ERISA and will be dismissed with prejudice.

## II.   The Bogush Defendants' Motion to Dismiss

The Court dismissed the claim against the Bogush Defendants because Plaintiffs failed

to plead facts with sufficient particularity to meet the standard for imposing liability on a third-party accountant. The Amended Complaint, however, alleges no new facts with respect to this claim. Rather, Plaintiffs have merely added several conclusory statements to the effect that the Bogush Defendants "knew" that their stock evaluations were being relied upon by Plaintiffs. *See* Am. Compl. ¶ 173. These are not facts, and therefore Plaintiffs have failed to cure the deficiency of their first complaint and, consequently, nothing about the Court's earlier analysis of this claim has changed. Thus, Count 6 fails to state a claim upon which relief can be granted and will therefore be dismissed with prejudice.[3]

### III. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that:

1. The Stiefel Defendants' Motion to Dismiss (DE #50) is hereby **GRANTED in part, as follows:**

    a. The motion is granted with respect to Counts 5 and 7: Counts 5 (Florida Securities Act) and 7 (common law breach of corporate fiduciary duty) are hereby **DISMISSED WITH PREJUDICE.**

    b. The motion is denied in all other respects.

2. The Bogush Defendants' Motion to Dismiss (DE #51) is hereby **GRANTED.** Count 6 (accountant malpractice) is hereby **DISMISSED WITH PREJUDICE.**

3. The Stiefel Defendants shall file an Answer to the remaining counts **on or before June 11, 2010.**

---

[3] The Court declines to address the Bogush Defendants' preemption argument.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 26th day of May, 2010.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**
**Counsel for Plaintiffs**
Beth-Ann Ellenberg Krimsky
Ruden McClosky Smith Schuster & Russell
200 E Broward Boulevard
15th Floor PO Box 1900
Fort Lauderdale, FL 33302-1900
954-764-6660
Fax: 333-4027
Email: beth-ann.krimsky@ruden.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Jennifer Nichols Walker
Ruden McClosky Smith Schuster & Russell
200 E Broward Boulevard
15th Floor PO Box 1900
Fort Lauderdale, FL 33302-1900
954-527-6272
Fax: 333-4272
Email: jennifer.walker@ruden.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Norman S. Segall
Ruden McClosky Smith Schuster & Russell
701 Brickell Avenue
Suite 1900
Miami, FL 33131
305-789-2755
Fax: 537-3955
Email: norman.segall@ruden.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

John Rush Keller
Ruden McClosky Smith Schuster & Russell
200 E Broward Boulevard
15th Floor PO Box 1900
Fort Lauderdale, FL 33302-1900
954-764-6660
Fax: 764-4996
Email: john.keller@ruden.com
ATTORNEY TO BE NOTICED

**Counsel for Defendants**
David A. Coulson
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131
305-579-0500
Fax: 305-579-0717
Email: coulsond@gtlaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Hilarie Bass
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131
305-579-0745
Fax: 579-0717
Email: bassh@gtlaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Mercer Kaye Clarke
Clarke Silverglate & Campbell, P.A.
799 Brickell Plaza
9th Floor
Miami, FL 33131
305-377-0700
Fax: 377-3001
Email: bclarke@csclawfirm.com
TERMINATED: 09/16/2009
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Sandra Jessica Millor
Greenberg Traurig

1221 Brickell Avenue
Miami, FL 33131
305-579-0774
Fax: 305-579-0717
Email: millors@gtlaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Todd D. Wozniak
Greenberg Traurig
3290 Northside Parkway
The Forum Suite 400
Atlanta, GA 30327
678-553-2100
Fax: 678-553-2212
Email: wozniakt@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED