UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21871-KING/BANDSTRA

| | |
|---|---|
| JAMES A. BACON, MARK PALAKOVICH, and MARION BURK, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| STIEFEL LABORATORIES, INC., A DELAWARE CORPORATION, CHARLES W. STIEFEL, BRENT D. STIEFEL, TODD STIEFEL, LODEWIJK DE VINK, STEVE KARASICK, MICHAEL CORNELIUS, AND MATT S. PATTULLO, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to the Court's May 27, 2010 Order (DE 69), Defendants Stiefel Laboratories, Inc., Charles W. Stiefel, Brent D. Stiefel, Todd Stiefel, Lodewijk de Vink, Mike Cornelius, Steve Karasick, and Matt S. Pattullo (collectively, "Defendants"), by and through their undersigned counsel, hereby serve their Answer and Defenses to Plaintiffs' Amended Complaint ("Complaint") (DE 47).

**GENERAL DENIAL**

Except as otherwise expressly stated herein, Defendants deny each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's preamble, headings, subheadings, or footnotes, and deny any liability to Plaintiffs or any members of the putative class that Plaintiffs purport to represent. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is

required shall be deemed as denied.  Defendants expressly reserve the right to seek to amend and/or supplement their Answer as may be necessary.

## RESPONSES TO SPECIFIC ALLEGATIONS

Incorporating the foregoing, Defendants state as follows to the specific allegations in the Complaint.  The following numbered paragraphs correspond to the numbered paragraphs of the Complaint.

1.      Defendants admit that Plaintiffs purport to bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 *et seq.*, the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78a-78kk, Rule 10b-5 promulgated by the Securities and Exchange Commission, Section 20(a) of the Exchange Act, 15 U.S.C. §§ 78j and 78t, and state law.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 1 of the Complaint, including that Plaintiffs have suffered any damages or are entitled to any relief from Defendants.

2.      Defendants admit that Plaintiffs purport to bring this action in their individual capacities and on behalf of all current and former participants of the Employee Stock Bonus Plan ("ESBP").   Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 2 of the Complaint.

3.      The allegations contained in paragraph 3 of the Complaint assert legal conclusions to which no response is required.

4.      The allegations contained in paragraph 4 of the Complaint assert legal conclusions to which no response is required.

5.      Defendants admit that, at all relevant times, Stiefel Laboratories, Inc. ("the Company") maintained its headquarters and principal place of business in Miami-Dade County,

Florida and that some of the allegations set forth in the Complaint took place in the Southern District of Florida.  The conclusion contained in paragraph 5 of the Complaint regarding venue asserts legal conclusions to which no response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 5 of the Complaint.

6.     Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.     Upon information and belief, Defendants admit that Plaintiff Bacon is a resident of Pembroke Pines, Broward County, Florida.  Defendants admit that Plaintiff Bacon is a former employee of the Company, that he was employed by the Company for more than twenty years, that he was employed by the Company at one time as a Global Vice President for Quality Systems, that he was a participant in the Company's ESBP, and that he was the vested, beneficial owner of certain Stiefel common stock held by the ESBP.  After Plaintiff Bacon's employment with the Company ended, Plaintiff Bacon requested that his stock in the ESBP be distributed to him, that he elected to put his Stiefel stock to the Company, and that it was subsequently purchased by the Company.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 7 of the Complaint.

8.     Upon information and belief, Defendants admit that Plaintiff Palakovich is a resident of Winder, Georgia.  Defendants admit that Plaintiff Palakovich is a former employee of the Company, that he was employed by the Company between approximately 1998 and 2009, that at one time he was employed by the Company as a Global Network Analyst in the Information Technology Department, that he was a participant in the Company's ESBP, and that he was the vested, beneficial owner of certain Stiefel common stock held by the ESBP.  Plaintiff Palakovich requested a distribution of certain Stiefel common stock held by the ESBP in 2009

after the optional diversification opportunity was announced.  Plaintiff Palakovich voluntarily put and sold his shares of Stiefel stock held by the ESBP to the Company.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 8 of the Complaint.

9.      Upon information and belief, Defendants admit that Plaintiff Burk is a resident of Miami, Florida.  Defendants admit that Plaintiff Burke is a former employee of the Company, that she was employed by the Company between approximately 1988 and April 30, 2006, that she was employed by the Company at one time as an assistant to the former president of international operations, Herbert Stiefel, that she was a participant in the Company's ESBP, and that she was the vested, beneficial owner of certain Stiefel common stock held by the ESBP. After Plaintiff Burk's employment with the Company ended effective May 31, 2006, Plaintiff Burk requested that her stock in the ESBP be distributed to her, that she elected to put her Stiefel stock to the Company, and that it was subsequently purchased by the Company.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in paragraph 10 of the Complaint as of the time this action was commenced.

11.     Defendants admit that Plaintiffs Bacon, Palakovich, and Burk are former employees of the Company.  With respect to the allegations that the ESBP was governed by ERISA and the Company was a "'party in interest' with respect to the Employee Plan as that term is defined under ERISA," these allegations contain conclusions of law to which no response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 11 of the Complaint.

12.     Defendants admit that Charles Stiefel is a former resident of Coral Gables, Miami-Dade County, Florida and that Charles Stiefel previously served as the ESBP Trustee for part of the relevant time.  At various points in time, Charles Stiefel served as the Company's Chairman of the Board of Directors and Chief Executive Officer.  With respect to the allegation that Charles Stiefel "was a fiduciary as that term is defined under ERISA," this allegation contains a conclusion of law to which no response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 12 of the Complaint.

13.     Defendants admit that Brent Stiefel is a former resident of Key Biscayne, Miami-Dade County, Florida and that Brent Stiefel previously served as the Company's Executive Vice President of Corporate Development, was a member of the Company's Board of Directors, and is a former shareholder of the Company.  With respect to the allegation that Brent Stiefel "was a fiduciary as that term is defined under ERISA," this allegation contains a conclusion of law to which no response is required.   Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 13 of the Complaint.

14.     Defendants deny that Todd Stiefel, Steve Karasick, and Michael Cornelius are all residents of Miami, Miami-Dade County, Florida.

    a.     Defendants admit that Todd Stiefel previously served as the Company's Executive Vice President of Global Strategy, was a member of the Company's Board of Directors, and is a former shareholder of the Company.  With respect to the allegation that Todd Stiefel "was a fiduciary as that term is defined under ERISA," this allegation contains a conclusion of law to which no response is

required.   Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 14(a) of the Complaint.

b.      Defendants admit that Steve Karasick previously served as the Company's Senior Vice President of People & Technology.   With respect to the allegation that Steve Karasick "was a fiduciary as that term is defined under ERISA," this allegation contains a conclusion of law to which no response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 14(b) of the Complaint.

c.      Defendants admit that Michael Cornelius previously served as the Company's Vice President and Chief Financial Officer.  With respect to the allegation that Michael Cornelius "was a fiduciary as that term is defined under ERISA," this allegation contains a conclusion of law to which no response is required.   Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 14(c) of the Complaint.

15.   Defendants deny that Lodewijk de Vink ("Mr. de Vink") is or was a resident of Scottsville, Georgia, but admit that for some number of months Mr. de Vink was selected by Blackstone Healthcare Partners, LLC ("Blackstone") to serve on the Company's Board of Directors for a period of time.   With respect to the allegation that Mr. de Vink "was a fiduciary as that term is defined under ERISA," this allegation contains a conclusion of law to which no

response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 15 of the Complaint.

16.     Defendants admit that some or the former officers and directors of the Company previously owned shares of Company common stock separate and apart from their participation in the ESBP.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 16 of the Complaint.

17.     Defendants admit that Charles Stiefel, Matt Pattullo, Steve Karasick, and Michael Cornelius each served, at various points in time, as members of the ESBP Committee and that they were appointed to the ESBP Committee by the Company's Board of Directors and that, during its existence, the ESBP Committee typically consisted of at least three individuals.  With respect to the allegation that "at relevant times, each of the Committee Defendants was a fiduciary as that term is defined under ERISA," this allegation contains a conclusion of law to which no response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 17 of the Complaint.

18.     Defendants admit that Matt Pattullo is a resident of Miami-Dade County, Florida and that Matt Pattullo previously served for some time as the Company's Vice President of Human Resources and as the ESBP Plan Administrator.  With respect to the allegation that Matt Pattullo "was a fiduciary as that term is defined under ERISA," this allegation contains a conclusion of law to which no response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 18 of the Complaint.

19.     Defendants admit, upon information and belief, that former Defendant Terence Bogush ("Bogush") is a resident of Rhinebeck, New York and that he is a certified public

accountant who previously assisted in the preparation of the annual valuations of Stiefel common stock held by the ESBP.   Upon information and belief, Bogush has been a member of former Defendant Bogush & Grady, LLP, a New York Limited Liability Partnership ("B&G") since approximately 2002, and that between 2002 and 2008, Mr. Bogush, on behalf of B&G, prepared and provided the ESBP Trustee with annual stock valuation appraisals of the Company's common stock held by the ESBP as of the late day of the prior fiscal year.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 19 of the Complaint.

20.     Defendants admit that Plaintiffs purport to refer to Charles Stiefel, Brent Stiefel, and Mr. de Vink collectively as the "Director Defendants" and that Charles Stiefel, Brent Stiefel, and Todd Stiefel are referred to collectively as the "Stiefel Defendants."  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 20 of the Complaint.

21.     Defendants admit that, at various points in time, the Director Defendants were senior executive officers and/or directors of Stiefel.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 21 of the Complaint.

22.     Defendants admit that the ESBP Trustee determined the person and/or organization to conduct the valuation appraisal of the Stiefel common stock held by the ESBP. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 22 of the Complaint.

23.     Defendants deny each and every allegation contained in paragraph 23 of the Complaint.

24.     Defendants admit that, prior to April 2009, various members of the families of Charles, Herbert, and Werner Stiefel owned Stiefel common stock.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 24 of the Complaint.

25.     Defendants admit that the ESBP was established with an effective date of April 16, 1975.  Defendants further admit that at various points in time between April 16, 1975 and December 31, 2008, the Company made contributions to the ESBP.  Defendants further admit that portions of a previously, but not currently, effective ESBP are attached as Exhibit A to the Complaint.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 25 of the Complaint.

26.     Defendants admit that the ESBP and certain ESBP documents are governed by ERISA.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 26 of the Complaint.

27.     Defendants admit that Section 3 of the ESBP attached as Exhibit A to the Complaint states that United States resident employees following their first eligibility year (a year with a minimum of 1,000 hours of service) are participants in the ESBP. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 27 of the Complaint.

28.     Defendants admit that the ESBP attached as Exhibit A to the Complaint states that it was set up to allow Company employees to share in the growth of the Company that they had helped to create, and to be a qualified stock bonus plan under §§ 401(a) and 409 of the Internal Revenue Code ("the Code").  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 28 of the Complaint.

29.     Defendants admit that the ESBP attached as Exhibit A to the Complaint sets forth the management of the ESBP, the allocation of shares of Company stock, and the Trustees' and Plan Administrator's responsibilities during its effective period.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 29 of the Complaint.

30.     Defendants admit that the ESBP attached as Exhibit A to the Complaint states that the ESBP is controlled and managed by a Committee, consisting of at least three persons: a Trustee; and a Plan Administrator and that the Committee members, the Trustee, and the Plan Administrator are selected by the Company's Board of Directors.  Defendants further admit that the ESBP attached as Exhibit A to the Complaint provides in Section 9.1 that "[t]he exclusive responsibility and authority to control and manage the operation and administration of the Employee Plan, except to the extent such responsibility and authority are otherwise specifically (i) allocated to the Company or the Trustee, (ii) delegated to other persons by the Committee, or (iii) allocated to other parties by operation of law, shall be vested in the Committee."  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 30 of the Complaint.

31.     Defendants admit that the ESBP attached as Exhibit A to the Complaint provides in Section 9.9 that "[e]ach member of the Committee shall discharge his powers and authority under the Employee Plan in good faith and in accordance with the applicable requirements of ERISA."  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 31 of the Complaint.

32.     Defendants admit that Charles Stiefel, Matt Pattullo, Steve Karasick, and Michael Cornelius each previously served as a member of the ESBP Committee. Except as expressly

admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 32 of the Complaint.

33.     Defendants admit that Charles Stiefel previously served as the ESBP Trustee for part of the relevant time and that Section 9.1 of the ESBP attached to the Complaint as Exhibit A provides that the Committee was the Plan Administrator during the time the ESBP attached as Exhibit A to the Complaint was operative.   Defendants further admit that Matt Pattullo previously served as the ESBP Plan Administrator for part of the relevant time.   Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 33 of the Complaint.

34.     The allegations set forth in paragraph 34 of the Complaint contain conclusions of law to which no response is required.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants admit that ESBP participants' interests in the ESBP would vest pursuant to the terms of the ESBP and that, over time, the number of shares in an ESBP participant's account could increase and the value of an ESBP participant's account could increase (or decrease) in value.   Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 37 of the Complaint.

38.     Defendants admit that the ESBP attached as Exhibit A to the Complaint provides, in Section 7, the circumstances in which an ESBP participant could sell, redeem, or otherwise dispose of the shares of Stiefel common stock maintained in that participant's account during the time the ESBP attached as Exhibit A to the Complaint was effective. Except as expressly

admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     The allegations set forth in paragraph 40 of the Complaint contain conclusions of law to which no response is required.

41.     Defendants admit that 26 C.F.R. § 170A-11(d)(5) provides the best evidence of its contents.  The remaining allegations in paragraph 41 of the Complaint assert legal conclusions to which no response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 41 of the Complaint.[1]

42.     Defendants admit that the ESBP attached as Exhibit A to the Complaint provides in Section 9.7 that the ESBP Trustee had the duty to "retain an independent appraiser who meets requirements similar to those contained in regulations under Section 170(a)(1) of the Code to make all valuations of Stock and/or Bonus Stock."  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 42 of the Complaint.

43.     The allegations set forth in paragraph 43 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 43 of the Complaint.[2]

---

[1]     Responding to n.1 on page 11 of the Complaint, Defendants admit that Treasury Reg. § 54.4975-11(d)(5) provides the best evidence of its contents.  The remaining allegations in n.1 on page 11 of the Complaint assert legal conclusions to which no response is required.

[2]     Responding to n.2 on page 12 of the Complaint, Defendants admit that the cited regulations provide the best evidence of their contents.  The remaining allegations in n.2 on page 12 of the Complaint assert legal conclusions to which no response is required.

44.     The allegations set forth in paragraph 44 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     The allegations set forth in paragraph 45 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny that the Company, its directors, the Committee or the Trustee knew, or should have known, that Bogush was legally unqualified to perform the annual appraisal and deny that Bogush was "legally unqualified."  The remaining allegations set forth in paragraph 46 of the Complaint contain conclusions of law to which no response is required. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 46 of the Complaint.

47.     Defendants deny each and every allegation contained in paragraph 47 of the Complaint.

48.     Upon information and belief, Defendants admit that the Bogush and B&G appraisals of the value of the Stiefel common stock held by the ESBP were not delivered, or made available to, all ESBP Participants.  Defendants further admit that Section 9.14 of the ESBP attached as Exhibit A to the Complaint provides that the Committee "shall furnish to each Participant or Beneficiary whatever information is required under ERISA or is otherwise appropriate to enable the participants to make whatever elections may be available pursuant to

section 8."  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 48 of the Complaint.[3]

49.     Defendants admit the annual valuations of the Stiefel common stock held by the ESBP conducted by Bogush and B&G were used to determine the price at which the Company would purchase Stiefel common stock from ESBP participants pursuant to "put rights" provided for in the ESBP.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants admit that the valuations of stock held by the ESBP as of the end of the fiscal year were announced to certain Stiefel employees.  Defendants further admit that the Stiefel common stock held by the ESBP was valued at the following: $8,735 per share as of March 31, 2004; $9,170 per share as of March 31, 2005; $13,012 per share as of March 31, 2006; $14,517 per share as of March 31, 2007; and $16,469 per share as of March 31, 2008.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 51 of the Complaint.

52.     Defendants admit that Charles Stiefel sent a letter to shareholders dated November 19, 2005 and an email to shareholders dated December 2, 2007 and that these documents are attached to the Complaint as Composite Exhibit D.  Defendants further admit that the December 2, 2007 communication from Charles Stiefel stated that "our independent appraisers calculate the value of the Stiefel shares owed by the ESBP…".  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 52 of the Complaint.

---

[3]      Responding to n.3 on page 13 of the Complaint, Defendants state that the ESBP attached to the Complaint speaks for itself.

53.     Defendants admit that the March 31, 2008 valuation of Stiefel common stock held by the ESBP did not take into account discussions regarding the sale or potential sale of all of Stiefel stock that occurred after March 31, 2008.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 53 of the Complaint.

54.     Defendants admit that attached as Exhibit B to the Complaint is a letter from Gary Jellum and that the letter speaks for itself.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 54 of the Complaint.

55.     Defendants admit that Exhibit B to the Complaint speaks for itself.  Defendants deny any characterization of Exhibit B that is inconsistent with the plain text of the letter.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 55 of the Complaint.

56.     Defendants further admit that, under certain circumstances, the ESBP allowed participants to receive a distribution of Stiefel common stock and that these individuals then had the option of holding on to the shares of Stiefel stock and remaining a shareholder.  Defendants further admit that the ESBP provided for certain "put rights" and that the price paid for each share of stock put to Stiefel pursuant to the ESBP in early 2009 was $16,469 per share.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants admit that until 2010, it had been a privately held Company.  Defendants further admit that, during various periods of time, certain members of the Stiefel

family owned some Stiefel stock.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 58 of the Complaint.

59.     Defendants state that following Blackstone's agreement in 2007 with the Company, Charles Stiefel distributed responses to frequently asked questions about the agreement with Blackstone, which stated, among other things that "[t]here are currently no plans for Stiefel to become a publicly traded company….Senior management continues to evaluate all options when looking at the long-term financial needs of the company."   Defendants state that the Miami Herald articles referenced in Paragraph 59 of the Complaint speak for themselves. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 59 of the Complaint.

60.     Defendants admit that many ESBP participants elected to put their shares to the Company during the first put window available.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "it was well known among ESBP participants that there was no market for the Company stock and the stock paid no dividends," and therefore, deny the same.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 60 of the Complaint.

61.     Defendants admit that Stiefel entered into an agreement with Blackstone in or about August 2007 that involved Series A Convertible Participating Preferred Stock ("Series A stock") and that the agreement provided for, among other things, Blackstone to designate an individual to sit on Stiefel's Board of Directors.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.[4]

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants admit that attached as Exhibit B to the Complaint is a letter from Gary Jellum and that the letter speaks for itself.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 66 of the Complaint.

67.     Defendants admit that, due to the economy and the Company facing financial struggles, Stiefel laid-off certain Stiefel employees, including some who happened to be ESBP participants, on or around December 9, 2008.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 67 of the Complaint.

68.     Defendants admit that Charles Stiefel met with the chief executive officer of another pharmaceutical company on December 22, 2008 in New York City and that an employee of Blackstone and a representative of an investment banking firm for the other company also attended the meeting.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 68 of the Complaint.

69.     Defendants admit that attached as Exhibit C to the Complaint is a copy of a letter dated December 22, 2008 and that this letter is the best evidence of its contents.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 69 of the Complaint.

---

[4]      Responding to n.4 on page 17 of the Complaint, Defendants admit that the voting rights among Classes A, B, and C of Stiefel common stock vary and that a single share of Class A common stock is not valued differently from a single share of Class B or C common stock. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in n.4 of the Complaint.

70.     Defendants admit that attached as Exhibits B and C to the Complaint are copies of letters and that these letters are the best evidence of their contents.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that ESBP participants would have delayed "their 'puts' or 'diversification opportunities' to sell Employee Plan Stock to the Company" and therefore, denies the same.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 70 of the Complaint.

71.     Defendants admit that an Information Statement was furnished to Stiefel shareholders on or about April 24, 2009 and that this Information Statement is the best evidence of its contents. Defendants deny any allegation in paragraph 71 of the Complaint that is inconsistent with the Information Statement.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants admit that ESBP participants were informed on an annual basis of the per share value of Stiefel stock held by the ESBP as of March 31 of that same year.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 73 of the Complaint.

74.     Defendants admit that many of the ESBP participants who had received distributions of ESBP stock generally put their stock to the Company when they became eligible to do so under the ESBP.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 74 of the Complaint.

75.     Defendants admit that Plaintiff Bacon had approximately 25.386449 shares of Stiefel stock in his ESBP account, Plaintiff Burk had approximately 14 shares of Stiefel stock in her ESBP account, and that Plaintiff Palakovich had approximately 2.128881 shares of Stiefel

stock in his ESBP account.  Defendants further admit that all three Plaintiffs requested and received a distribution of stock and that they put their stock to the Company as provided for in the ESBP.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 75 of the Complaint.

76.     Defendants admit that Plaintiff Burk put her shares of Stiefel stock to the Company and that Plaintiff Burk's shares of Stiefel stock were purchased at $13,012 per share, which is the per share price set forth in the March 31, 2006 valuation of Stiefel stock held by the ESBP.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 76 of the Complaint.

77.     Defendants admit that Plaintiff Burk put her Stiefel common stock to the Company and that Plaintiff Burk received a per share price of $13,012 for her Stiefel common stock.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 77 of the Complaint.

78.     Defendants admit that Plaintiff Bacon put his shares of Stiefel stock to the Company and that Plaintiff Bacon's shares of Stiefel stock were purchased at $16,469 per share, which is the per share price set forth in the March 31, 2008 valuation of Stiefel stock held by the ESBP.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as to what Plaintiff knew and what factors went into his decision to exercise his put right and therefore deny the same.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 78 of the Complaint.

79.     Defendants admit that Plaintiff Bacon put his Stiefel common stock to the Company, that Plaintiff Bacon received a per share price of $16,469 for his Stiefel common stock, and that payment was made in the form of cash and a promissory note.  Except as

expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 79 of the Complaint.

80.     Defendants admit that Plaintiff Palakovich put his shares of Stiefel stock to the Company and that Plaintiff Palakovich's shares of Stiefel stock were purchased at $16,469 per share, which is the per share price set forth in the March 31, 2008 valuation of Stiefel common stock held by the ESBP.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as to what Plaintiff knew and what factors went into his decision to exercise his optional diversification and put rights and therefore deny the same. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 80 of the Complaint.

81.     Defendants admit that Plaintiff Palakovich received a per share price of $16,469 for the Stiefel common stock he voluntarily put to the Company and that the proceeds were deposited into Plaintiff Palakovich's ESBP account.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     The Stiefel Defendant admit that the ESBP was merged into Stiefel's 401(k) plan. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 86 of the Complaint.

87.     Defendants admit that the valuation of Stiefel stock held by the ESBP as of March 31, 2008 was used to establish the price at which Stiefel would purchase stock from former ESBP participants who put their stock to the Company prior to April 1, 2009.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 87 of the Complaint.

88.     Defendants admit that a new, separate valuation of Stiefel stock held by the ESBP was not conducted between the valuations as of March 31, 2008 and March 31, 2009.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants admit that a "blackout period" was not imposed after the ESBP's record-keeping functions were transferred between vendors effective approximately January 1, 2009.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants admit that Stiefel purchased Stiefel common stock put to it in early 2009 at the March 31, 2008 valuation of $16,469 per share by former and current ESBP participants.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 92 of the Complaint.

93.     Defendants admit that on April 20, 2009, there were 32,812.043937 shares of Stiefel common stock and 8,930.460 shares of Series A stock outstanding, including accrued and unissued shares of Series A stock.  Had the merger with GlaxoSmithKline been consummated on April 20, 2009 (which is was not), stockholders generally would have received approximately

$68,515.29 in cash and may have been entitled to receive up to an additional $7,186.91 per share based on certain contingency payments. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.     Defendants admit that the March 31, 2008 valuation of Stiefel stock held by the ESBP was used to set the fair market value of the stock it purchased from ESBP participants who exercised their put rights between January 1, 2009 and March 31, 2009. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    Defendants admit that Plaintiffs purport to bring this action on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants further admit that Plaintiffs have defined the class to include "[a]ll vested participants in the Stiefel Laboratories, Inc. Employee Stock Ownership Plan who sold their shares or directed that the shares in their

account in the Employee Plan be sold to Stiefel Laboratories, Inc. on or before March 31, 2009, not including any of the Defendants." Defendants deny that this is a proper class under Rule 23 of the Federal Rules of Civil Procedure. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 106 of the Complaint.

107.    Defendants admit that Plaintiffs purport to represent one sub-class which is defined as "[a]ll vested participants in the Stiefel Laboratories, Inc. Employee Stock Ownership Plan who sold their shares or directed that the shares in their account in the Employee Plan be sold to Stiefel Laboratories, Inc. from November 1, 2008 through March 31, 2009, not including any of the Defendants." Defendants deny that this is a proper sub-class under Rule 23 of the Federal Rules of Civil Procedure. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 107 of the Complaint.

108.    Defendants admit that since the ESBP's inception over 200 current and former ESBP participants have put some or all of the Stiefel common stock held in the ESBP to the Company. The remaining allegations in paragraph 108 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "Plaintiffs have retained attorneys experienced in complex class action litigation who have the resources to prosecute this case" and therefore deny the same. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 111 of the Complaint.

112.    This allegations in paragraph 112 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 112 of the Complaint.

113.    Defendants deny that they have taken any action or refused to act on grounds generally applicable to the class that would permit a viable action to go forward in this case and deny each and every allegation contained in paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    Defendants admit that Plaintiffs have alleged that some or all of the Defendants have engaged in wrongful conduct in violation of ERISA and federal securities laws.  Defendants deny engaging in any such wrongful conduct.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of the Complaint and deny that class treatment is appropriate in this case.

117.    Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.    Defendants admit, upon information and belief, that former and current participants reside in various states and that the Company has maintained operations in various states.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 122 of the Complaint.

123.     Defendants admit that some records relating to the Company and the ESBP may reflect some or all members of the proposed class.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 123 of the Complaint.

124.     Defendants admit, upon information and belief, that Plaintiffs have retained counsel listed in the signature block to prosecute this action.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "Plaintiffs are obligated for a reasonable attorneys' fee" and therefore deny the same.   Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 124 of the Complaint.

125.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125 of the Complaint and therefore deny the same.

## COUNT 1

126.     Defendants admit that Plaintiff purports to define "Fiduciary Defendants" or "Each Defendant" to mean Defendants other than the Company, Bogush, and B&G in paragraph 126 of the Complaint, but otherwise deny the allegations contained in paragraph 126 of the Complaint.

127.     The allegations in paragraph 127 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that the ESBP is an employee pension benefit plan under ERISA § 3(2), 29 U.S.C. § 1002(2) and a defined contribution plan under 29 U.S.C. § 1002(34).   Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 127 of the Complaint.

128.     Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.     Defendants deny that Plaintiffs James A. Bacon, Mark Palakovich, and Marion Burk are ESBP participants and state that they have received their ESBP benefits.  Defendants further deny that Plaintiffs James A. Bacon, Mark Palakovich, and Marion Burk are current Stiefel employees.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 129 of the Complaint.

130.     The allegations in paragraph 130 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that all of the Fiduciary Defendants identified by Plaintiffs are fiduciaries as defined under 29 U.S.C. § 1002(21).  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 130 of the Complaint.

131.     The allegations in paragraph 131 of the Complaint contain conclusions of law to which no response is required.

132.     Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.     Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.     Defendants deny the allegations contained in paragraph 134 of the Complaint.

135.     Defendants deny the allegations contained in paragraph 135 of the Complaint and specifically deny that Plaintiffs are entitled to judgment against the Fiduciary Defendants.

## COUNT 2

136.     The allegations contained in paragraph 136 of the Complaint assert legal conclusions to which no response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 136 of the Complaint.

137.     Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.     Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.     Defendants deny the allegations contained in paragraph 139 of the Complaint.

140.     Defendants deny the allegations contained in paragraph 140 of the Complaint and specifically deny that Plaintiffs are entitled to judgment against the Fiduciary Defendants.

## COUNT 3

141.     The allegations contained in paragraph 141 of the Complaint assert legal conclusions to which no response is required.

142.     The allegations contained in paragraph 142 of the Complaint assert legal conclusions to which no response is required.

143.     The allegations contained in paragraph 143 of the Complaint assert legal conclusions to which no response is required.

144.     Defendants admit that the Company purchased certain Stiefel stock held by the ESBP on behalf of Plaintiff Palakovich at Plaintiff Palakovich's request.  Defendants further admit that the price paid for the Stiefel common stock put to the Company by Plaintiff Palakovich was $16,469 per share which was the price set by the March 31, 2008 valuation of Stiefel common stock held by the ESBP.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 144 of the Complaint.

145.     Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.     Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.     Defendants deny the allegations contained in paragraph 147 of the Complaint and specifically deny that Plaintiff Palakovich is entitled to judgment against the Fiduciary Defendants.

## COUNT 4

148.    Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    Defendants admit that Plaintiffs purport to sue Stiefel and Charles Stiefel as primary participants in the alleged wrongful and illegal conduct and that Plaintiffs purport to sue Charles Stiefel as a person in control of the Company under Section 20(a) of the Exchange Act. Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in paragraph 159 of the Complaint.

160.    The allegations contained in paragraph 160 of the Complaint assert legal conclusions to which no response is required.  Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Complaint and specifically deny that Plaintiffs are entitled to judgment against the Fiduciary Defendants.

162.    Defendants admit that attached as Exhibit E to the Complaint are certificates purportedly signed by Plaintiffs in an attempt to comply with § 21D of the Private Securities Litigation Reform Act of 1995.   Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation contained in paragraph 162 of the Complaint.

## COUNTS 5, 6 AND 7

Pursuant to the Court's May 27, 2010 Order, Counts Five, Six, and Seven of Plaintiffs' Complaint have been dismissed with prejudice and no response is required.   To the extent a response is required, Defendants deny any and all liability for these causes of action.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby repeat, reallege, and incorporate herein by reference their responses to the allegations in paragraphs 1 through 184 of the Complaint and plead their Affirmative and Other Defenses, without assuming the burden of proof when the law places that burden upon Plaintiffs, and without prejudice to their Answer, as follows:

### First Defense

Plaintiffs are barred from recovery because they fail to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knowingly, willingly, and voluntarily assumed the risk of any alleged harm of which Plaintiffs now complain.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Fourth Defense

Plaintiffs have not suffered any legally cognizable injury-in-fact or loss causation traceable to Defendants and have incurred no damages.

### Fifth Defense

Plaintiffs' claims are barred or reduced, in whole or in part, by Plaintiffs' failure to mitigate damages, if any have been incurred.

### Sixth Defense

Plaintiffs' claims are barred, in whole or in part, under the doctrine of release and/or waiver because they have signed releases which bar some or all of their claims.

### Seventh Defense

Plaintiffs' claims may not be maintained as a class action for failure to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### Eighth Defense

Plaintiffs' ERISA claims are barred, in whole or in part, because the communications at issue were business communications, and not fiduciary communications.

### Ninth Defense

Plaintiffs' ERISA claims are barred, in whole or in part, because they are not ESBP participants and do not have a colorable claim for additional benefits.

### Tenth Defense

Plaintiffs' ERISA claims are barred, in whole or in part, under the doctrine of payment because Plaintiffs received all ESBP benefits due to them under the ESBP and were paid fair market value for the Stiefel stock they put to the Company pursuant to the ESBP.

### Eleventh Defense

Plaintiffs' ERISA claims are barred, in whole or in part, because they seek relief not authorized by ERISA, including but not limited to punitive damages.

### Twelfth Defense

Plaintiffs' ERISA claims are barred, in whole or in part, because Plaintiffs' lack standing to assert one or more of the ERISA claims alleged.

### Thirteenth Defense

Plaintiffs' ERISA prohibited transaction claims are barred because there was no prohibited transaction.

### Fourteenth Defense

Plaintiffs' ERISA claims against any Defendants who were fiduciaries under ERISA are barred, in whole or in part, because those Defendants acted in accordance with ERISA.

### Fifteenth Defense

Plaintiffs' ERISA claims against any Defendants who were ERISA fiduciaries are barred to the extent they are based on alleged actions not taken in a fiduciary capacity.

### Sixteenth Defense

Plaintiffs' ERISA claims are barred to the extent they are based upon settlor or corporate actions which are not governed by ERISA.

### Seventeenth Defense

Plaintiffs' ERISA claims are barred, in whole or in part, because Plaintiffs cannot establish a violation of ERISA's disclosure obligations.

### Eighteenth Defense

Plaintiffs' ERISA claims are barred, in whole or in part, because any Defendants determined to be ERISA fiduciaries responsible for valuation issues relied in good faith on the valuations of Stiefel common stock held by the ESBP conducted by Bogush and B&G and these valuations were reasonably believed to be conducted in compliance with ERISA.

### Nineteenth Defense

Plaintiffs' ERISA claims are barred, in whole or in part, because they have not relied on any alleged misrepresentation or omission purportedly made by any of the Defendants.

### Twentieth Defense

Defendants are not liable to Plaintiffs on a co-fiduciary liability theory under ERISA because (1) there was no breach of fiduciary duty by any fiduciary; (2) Defendants did not know and could not reasonably have known that any fiduciary breached a fiduciary duty, did not knowingly participate in a breach of fiduciary duty, and did not undertake to conceal a breach of fiduciary duty; (3) Defendants did not commit a fiduciary breach that enabled another fiduciary to breach a fiduciary duty; and (4) Defendants did not know of another's breach of fiduciary duty and fail to make reasonable efforts to remedy the breach.

### Twenty-First Defense

Plaintiffs' claims under ERISA § 502(a)(2), if any, are barred because Plaintiffs seek individualized relief, rather than relief on behalf of the Plan as a whole.

### Twenty-Second Defense

Plaintiffs' federal securities law claims fail because there was no untrue statement of material fact or omission that would render misleading the statements made in connection with the purchase or sale of any security.

### Twenty-Third Defense

Plaintiffs' federal securities law claims fail because Defendants lacked the requisite scienter and did not act with an intent to deceive, manipulate, or defraud.

### Twenty-Fourth Defense

Plaintiffs' federal securities law claims fail because the statements and omissions at issue were not material at the time Plaintiffs exercised their put rights and/or sold their Stiefel common stock to Stiefel.

### Twenty-Fifth Defense

Plaintiffs' federal securities law claims fail because Defendants did not have a duty to disclose preliminary merger discussions at the time Plaintiffs exercised their put rights and/or sold their Stiefel common stock to Stiefel.

### Twenty-Sixth Defense

Plaintiffs' federal securities law claims fail because Plaintiffs did not rely on any Defendants' representations or omissions when Plaintiffs exercised their put rights and/or sold their Stiefel common stock to Stiefel.

### Twenty-Seventh Defense

Plaintiffs' federal securities law claims fail, in whole or in part, because Blackstone's investment with Stiefel was public knowledge.

### Twenty-Eighth Defense

Plaintiff Burk's claims are barred, in whole or in part, under the doctrine of laches.

### Twenty-Ninth Defense

To the extent that Plaintiffs are entitled to any damages from one or more Defendants, Defendants are entitled to a set off against the named Plaintiffs and, at least conditionally, against other members of the proposed class.

### Thirtieth Defense

Plaintiffs are not entitled to a jury trial on their ERISA claims and the ERISA claims should be tried separately from the federal securities claims.

\* \* \*

Having answered Plaintiffs' Amended Complaint (DE 47), Defendants pray that the same be dismissed with all costs and fees taxed to Plaintiffs to the extent permitted by law, and for such other and further relief as the Court deems just and proper.

Dated: June 11, 2010

Respectfully submitted,


GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida  33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
*Counsel for Stiefel Laboratories, Inc., Charles W. Stiefel, Brent D. Stiefel, Todd Stiefel, Lodewijk de Vink, Steve Karasick, Michael Cornelius, and Matt S. Pattullo*


By:     /s/ David A. Coulson
        HILARIE BASS
        Florida Bar No. 334243
        E-Mail:  bassh@gtlaw.com
        DAVID A. COULSON
        Florida Bar No. 176222
        E-Mail:  coulsond@gtlaw.com

        Todd D. Wozniak
        3290 Northside Parkway, Suite 400
        Atlanta, Georgia  30327
        Telephone: (678) 553-2100
        Facsimile:  (678) 553-2212
        E-Mail: wozniakt@gtlaw.com

        By:  /s/ Todd D. Wozniak
        TODD D. WOZNIAK
        Admitted *pro hac vice*

35

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2010, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Norman S. Segall, Esq.
Melissa Alagna, Esq.
SEGALL GORDICH P.A.
801 Brickell Avenue, Suite 900
Miami, Florida 33131

Beth-Ann Krimsky, Esq.
Andrew M. Gordon, Esq.
RUDEN McCLOSKY, P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, Florida 33301

/s/ David A. Coulson
DAVID A. COULSON