IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 09-21871-CV-KING/MCALILEY

Timothy Finnerty,

      Plaintiff,

vs.

STIEFEL LABORATORIES, INC., et al.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF'S USE OF CERTAIN PROPOSED TESTIMONY AND EXHIBITS AT TRIAL

THIS MATTER comes before the Court on Defendants' Motion to Preclude Plaintiff's Use Of Certain Proposed Testimony and Exhibits At Trial. [DE #389]. After careful consideration of the written submissions, relevant case and statutory law, and the Parties' oral arguments on November 4, 2011, the Court grants Defendants' Motion as set forth below.

## SELECT BACKGROUND FACTS

This litigation commenced on July 6, 2009 and was filed as a putative class action. [DE #1]. Since the original complaint was filed, the original named-plaintiffs have been dropped and new plaintiffs added. [DE #124]. In the original Complaint [DE #1 at ¶¶ 154-159], as well as in the First Amended Complaint [DE #47 at ¶¶ 154-159] and Second Amended Complaint [DE #124 at ¶¶ 162-166], the named-Plaintiffs asserted their Count 4 securities fraud claim under Rule 10b-5(b), which is a claim based on misrepresentations and/or omissions. *See also* Court's January 4, 2010 Order [D.E. #43 at 12 (analyzing Count 4 under Rule 10b-5(b))]. Class certification was denied on July 21, 2011 and the claims of the three named-Plaintiffs, Timothy Finnerty, Mark Palakovich and Michael Teller, were set to be tried during the two week trial calendar commencing November 7, 2011.[1]

---

[1]     The trial has since been continued. [DE #414].

In accordance with the Court's Scheduling Order and Local Rule 16.1, the Parties filed their Joint Pretrial Stipulation on September 30, 2011, including their proposed witness and exhibit lists. [DE #358]. Among other things, the Parties stipulated that:

> To establish their Count 4 securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, Plaintiffs must prove by a preponderance of the evidence (1) a material misrepresentation or omission; (2) made with scienter; (3) in connection with the sale of SLI stock; (4) reasonable reliance on the misstatement or omission; (5) damages; and (6) a causal connection between the material misrepresentation or omission and the alleged damages.

[DE #358 at 10, § VII, ¶ 6].

On October 17, 2011, this Court granted Defendants summary judgment on all claims brought by Mark Palakovich and Michael Teller. [DE #384]. As a result of the Court's Order, the only claims remaining are Finnerty's ERISA breach of fiduciary duty and co-fiduciary duty claims (Counts 1 and 2) and his federal securities fraud claim (Count 4).

Defendants filed their Motion on November 1, 2011 and argued that Plaintiff's "October 21, 2011 Amended Notice of Deposition Designations and his other pre-trial disclosures make clear that he intends to try this single-plaintiff case as a *pseudo* class action to the detriment of Defendants, the Court and the jury." [DE #389 at 1]. For example, Defendants argued that Plaintiff improperly seeks to introduce evidence relating to non-parties' individual investment decisions, non-parties' personal beliefs and opinions, non-parties' conversations to which Plaintiff Finnerty was not privy and in which Finnerty was not discussed, and non-parties' claims against Defendants. Defendants assert that this evidence should be excluded because "it is unduly prejudicial and irrelevant to Finnerty's claims and the primary issue before the jury - *i.e.*, whether Defendants made a material misrepresentation and/or omission *to Finnerty* that caused *Finnerty* to put his stock to the Company on January 6, 2009." [DE #389 at 1-2 (emphasis original)].

Plaintiff responded to Defendants' Motion on November 3, 2011 and argued, among other things, that this evidence was admissible and relevant "to key issues in this case, including the elements of the scheme to defraud and recklessness, which must be proved to establish a federal securities claim." [DE #402 at 1].

## ANALYSIS

In their Motion, Defendants request that the Court exclude four categories of evidence from use at trial: (1) the November 11, 2005 deposition testimony of non-party Terrence Bogush taken in an unrelated divorce case; (2) evidence relating to non-parties' individual investment decisions, non-parties' personal beliefs and opinions, non-parties' conversations to which Plaintiff Timothy Finnerty was not privy and in which Finnerty was not discussed, and non-parties' claims against Defendants; (3) evidence relating to the 2009 optional diversification opportunity and Stiefel Laboratories, Inc.'s ("SLI's") FY10 corporate strategic plans; and (4) Defendant Charles Stiefel's post-April 20, 2009 private settlement communications with non-party Richard Fried. Each request will be addressed in turn.

### I.  TERRENCE BOGUSH'S NOVEMBER 11, 2005 DEPOSITION TESTIMONY

Defendants argue that Plaintiff should be precluded from introducing into evidence the transcript of a November 11, 2005 deposition of non-party Terrence Bogush taken in an unrelated divorce case. [DE #389 at 3 (citing DE #387-1 at 2)]. It is undisputed that no Defendant in this case was a party to this divorce proceeding. It is also undisputed that no Defendant cross-examined the deponent.[2] Moreover, Mr. Bogush was deposed in this case on January 7, 2011 and was cross-examined by Plaintiff's counsel during that deposition at which time Plaintiff's counsel had a full opportunity to ask Mr. Bogush any questions they wanted to related to this case.

The Federal Rules of Civil Procedure and Evidence set forth the limited circumstances under which prior deposition testimony may be used in a subsequent proceeding. *See* Fed. R. Civ. P. 32(a)(8) (a deposition may only be used in a later action if the earlier deposition involved the same subject matter and the same parties, or their representatives or successors in interest); Fed. R. Evid. 801, 802, and 804(b)(1) (a deposition taken in a different proceeding is admissible only if the party against whom it is offered was provided with an opportunity to examine the deponent and a similar motive for doing so); *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 751 (11th Cir. 2002) ("A deposition taken in a different proceeding is admissible [only] if

---

[2]  The Court recognizes that SLI's outside counsel at the time, Bruce Christenson, listened to Mr. Bogush's 2005 deposition by telephone. However, it is undisputed that Mr. Christenson did not represent any party or Mr. Bogush in the divorce case. The requirements of Federal Rule of Evidence 804(b)(1) are not satisfied because Mr. Christenson did not cross-examine Mr. Bogush and Plaintiff offered no evidence that Mr. Christenson had the ability or motive to do so at the time of the November 11, 2005 deposition. [DE #389 at 3; DE #402 at Ex. 1].

3

the party against whom it is offered was provided with an opportunity to examine the deponent."). The Court finds that these limited circumstances are not satisfied here. Accordingly, the November 11, 2005 deposition testimony of non-party Terrence Bogush, which was taken in a divorce case in which no Defendant was a party, may not be used in this action for any purpose other than for impeachment if Mr. Bogush testifies in-person at trial. *See* Fed. R. Evid. 613(b) ("Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require."). If Mr. Bogush's testimony is offered through deposition designations of Mr. Bogush's January 7, 2011 deposition testimony in this case, then the 2005 deposition is inadmissible for all purposes. *Id.*

## II. EVIDENCE REGARDING NON-PARTIES' INDIVIDUAL INVESTMENT DECISIONS, PERSONAL BELIEFS AND OPINIONS, CONVERSATIONS, AND CLAIMS AGAINST DEFENDANTS

Defendants argue that Plaintiff's deposition designations make clear that he intends to introduce into evidence testimony of non-parties, including various former putative class members and former named-plaintiffs, relating to their personal investment decisions, personal beliefs and opinions, non-parties' conversations to which Finnerty was not a party and in which Finnerty was not discussed, and individual, potential claims against Defendants. These witnesses include (1) Wayne Hazelton (former putative class member); (2) Richard Fried (a former putative class member who is currently suing certain Defendants in related litigation before the Court); (3) Harry Klauda (former putative class member), (4) Karl Popp (former named-plaintiff); (5) Mark Palakovich (former named-plaintiff); (6) Michael Teller (former named-plaintiff); (7) Sunilda Buria (former putative class member); and (8) Richard MacKay (a former employee, Vice Chairman and Director who is currently suing certain Defendants in related litigation before the Court). Defendants argue that such evidence is irrelevant to the issue of whether Defendants made a material misrepresentation and/or omission *to Finnerty* that caused *Finnerty* to put his stock to the Company on January 6, 2009 or any other issue before the trier of fact and provide specific examples of the proposed testimony that should be excluded, including excerpts from the depositions of Mr. Klauda, Mr. Popp, Mr. Hazelton, Mr. Fried, and Mr. Palakovich. [DE #389 at 5-8]. Plaintiff contends that this evidence is relevant to establish a scheme to defraud under Rule 10b-5(a) and recklessness under Rule 10b-5(b).

4

As an initial matter, the Court finds that Plaintiff's securities fraud claim is a Rule 10b-5(b) misrepresentation and omission claim. The Second Amended Complaint does not allege a factual basis for a scheme to defraud Finnerty under Rule 10b-5(a).[3] Moreover, in the Joint Pretrial Stipulation, the Parties agreed that Plaintiff Finnerty's Count 4 federal securities law claim was a misrepresentation and omission claim and stipulated to the elements a Rule 10b-5(b) claim. [DE #358 at §§ VI and VII]. The Parties are bound by their stipulations and any claims not included in the pretrial stipulation are waived. See G.I.C. Corp. v. United States, 121 F.3d 1447, 1450 (11th Cir. 1997) ("parties are bound by their stipulations and a pretrial stipulation frames the issues for trial"); DPC Gen. Contractors, Inc. v. Cobo Co., 715 F. Supp. 367, 369 (S.D. Fla. 1989) ("The pretrial stipulation in this case clearly sets forth the claims of the parties, and thus, supercedes the Complaint"); see also Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 (2007) ("[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint . . .").

Because the Court finds that Plaintiff's federal securities fraud claim is a Rule 10b-5(b) claim, evidence that would support a finding of an alleged "device, scheme, or artifice to defraud" under Rule 10b-5(a) is irrelevant. Instead, the relevant inquiry is whether Charles Stiefel and/or SLI made a material misrepresentation or omission to Finnerty with scienter in connection with Finnerty's sale of SLI stock to SLI on which Finnerty reasonably relied to his detriment. See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1236-1237 (11th Cir. 2008); Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). Plaintiff's proposed evidence relating to non-parties' individual investment decisions, non-parties' personal beliefs and opinions,[4] non-parties' conversations to which Finnerty was not a party and in which Finnerty was not discussed

---

[3] A misrepresentation and omission claim arises under Rule 10b-5(b) and not Rule 10b-5(a). See Lentell v. Merrill Lynch & Co., 396 F.3d 161, 177 (2d Cir. 2005) (finding that "where the sole basis for ... claims is alleged misrepresentations or omissions, plaintiffs have not made out a [fraudulent scheme] claim under Rule 10b-5(a) and (c), and remain subject to the heightened pleading requirements of the PSLRA."); In Re Pfizer Inc. Secs. Litig., 584 F. Supp. 2d 621, 640 (S.D.N.Y. 2008) (granting Defendants' motion to dismiss and finding that "because Plaintiffs allege no deceptive course of conduct going beyond misrepresentations or omissions, their market manipulation claims must be dismissed."); WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d 1039, 1057 (9th Cir. 2011) ("Courts have generally held that '[a] Rule 10b-5(a) and/or (c) claim cannot be premised on the alleged misrepresentations or omissions that form the basis of a Rule 10b-5(b) claim'").

[4] The proposed non-expert testimony regarding personal beliefs and opinions is also inadmissible under Federal Rule of Evidence 602.

(including those set forth in Defendants' Motion), and non-parties' potential claims against Defendants is simply not relevant to Finnerty's claims. As such, it is excluded under Federal Rules of Evidence 402.[5]

### III. EVIDENCE RELATING TO THE 2009 OPTIONAL DIVERSIFICATION OPPORTUNITY AND SLI'S FY10 CORPORATE STRATEGIC PLANS

Defendants also seek to exclude evidence relating to the 2009 optional diversification opportunity and SLI's FY10 corporate strategic planning documents under Federal Rule of Evidence 402 and 403. [DE #389 at 8-10]. Plaintiff again argues that this evidence is relevant to establishing a scheme to defraud and recklessness on the part of Defendants. [DE #402 at 7-10]. With respect to the corporate strategic planning documents, Plaintiff also argues that the documents contain statements that "the Company would remain 'Privately held and led by the Stiefel family'" and that these documents were "shared with many SLI employees with the knowledge and approval of senior management," although Plaintiff does not allege that these documents were actually shared with Plaintiff. [DE #402 at 9].

It is undisputed that Finnerty's employment with SLI was severed in August 2008 in conjunction with a reduction in force. [DE #358 at § V, ¶ 34]. It is also undisputed that, as a former employee, Finnerty was never eligible for the 2009 optional diversification opportunity announced to then-current SLI employees in November 2008 and that Finnerty did not receive any of the communications relating to optional diversification. (*See* Finnerty Dep. at 53-59). Given that Finnerty was unaware of the optional diversification opportunity, this opportunity could not have impacted his investment decision. As such, it is irrelevant to any element of Finnerty's claims. Accordingly, under Federal Rules of Evidence 402, Plaintiff is precluded from offering into evidence any testimony or documents relating to the 2009 optional diversification opportunity, including testimony regarding an individual's decision to participate (or not participate) in optional diversification, the number of then-current employees who elected to participate in optional diversification, SLI's funding for purchasing the stock put to the Company through the optional diversification opportunity, communications relating to optional

---

[5] Because the Court finds that this evidence is inadmissible under Federal Rule of Evidence 402, the Court does not need to address Defendants' alternative argument that this evidence should be excluded under Federal Rule of Evidence 403.

diversification, and SLI's fulfillment of optional diversification requests.[6] This includes the following exhibits identified by Plaintiff in the Joint Pretrial Stipulation, all of which relate to the 2009 optional diversification opportunity: 56B, 58, 106, 107, 112, 234, 237, 239, 331, 332, 686, 687, 694, 695, 712, 715, 727, 729, 730, and 731.[7]

Evidence regarding SLI's Fiscal Year 2010 ("FY10") corporate strategic plans must also be excluded under Federal Rule of Evidence 402. There is no evidence that Finnerty ever received or reviewed any of the FY10 corporate strategic planning documents or that Defendants intended for him to review or rely on these documents. Thus, these documents could not have impacted Finnerty's decision to put his stock to the Company on January 6, 2009. Because Finnerty never received or reviewed any of the FY10 corporate strategic planning documents, the Court finds that this evidence is not relevant or material. Accordingly, Plaintiff is precluded from introducing into evidence any documents or testimony relating to SLI's FY10 corporate strategic planning documents at trial. Specifically, Finnerty is precluded from introducing into evidence: SLI's Functional Environmental Analysis Futures FY10, Futures FY10 Corporate Strategic Plan, Futures FY10 Strategic Plan Global Supply Chain, FY10 Situation Analysis, and the Strategy Revolution presentation.[8] These documents are identified in the Joint Pretrial Stipulation as Plaintiff's exhibits 738, 741, 742, 743, and 744. Although the Court finds that evidence relating to SLI's FY10 corporate strategic planning documents is not relevant or material, as the Court indicated during the November 4, 2011 hearing, Plaintiff may, if he so desires, mark these corporate strategic planning documents for identification at trial and renew his arguments regarding relevancy outside the presence of the jury.

---

[6] Given the Court's finding that this evidence is inadmissible under Federal Rule of Evidence 402, the Court does not need to address Defendants' alternative argument that this evidence should be excluded under Federal Rule of Evidence 403.

[7] The Court granted Defendants' Motion, which included Plaintiff's proposed exhibits 686 and 712. Although not raised at the hearing, in subsequent discussions between the Parties, Plaintiff asserted that these two exhibits do not relate directly to optional diversification. Finnerty nonetheless testified that he did not receive either of these documents. (Finnerty Dep. at 55, 58). As such, they are excluded under Federal Rule of Evidence 402 as they are not relevant to any issue before the trier of fact, even if they do not relate directly to optional diversification.

[8] Given the Court's finding that this evidence is inadmissible under Federal Rule of Evidence 402, the Court does not need to address Defendants' alternative argument that this evidence should be excluded under Federal Rule of Evidence 403.

## IV. CHARLES STIEFEL'S POST-APRIL 20, 2009 COMMUNICATIONS WITH NON-PARTY RICHARD FRIED

Defendants argue that Plaintiff improperly seeks to introduce into evidence testimony and documents concerning private settlement communications and discussions between Defendant Charles Stiefel and non-party Richard Fried occurring after April 20, 2009.[9] [DE #389 at 10-11]. Defendants assert that this evidence is inadmissible pursuant to Federal Rules of Evidence 402, 403 and 408. Plaintiff asserts that the communications do not involve efforts to compromise a dispute sufficient to trigger the protection of Federal Rule of Evidence 408(a) and that they are otherwise relevant and admissible as an admission of a party-opponent.

Federal Rule of Evidence 408(a) provides that the following evidence is not admissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish or accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim." Fed. R. Evid. 408(a); *see also Blu-J, Inc. v. Kemper C.P.A. Group*, 916 F.2d 637, 642 (11th Cir. 1990) (statements fall under Rule 408 if they were "intended to be part of the negotiations towards compromise;" finding that statements intended to be part of the negotiations toward compromise were "properly excluded by the district court."); *Cates v. Morgan Portable Building Corp.*, 780 F.2d 683, 691 (7th Cir. 1985) (Rule 408 provides that "statements made in settlement negotiations are not admissible to establish a party's liability, or damages, in the dispute that was the subject of the negotiation.").

The communications at issue reflect a dispute regarding the value of the stock Mr. Fried sold to SLI and attempts by Charles Stiefel and Richard Fried to resolve this dispute. [DE #389 at 10-11; DE #277 at 6-9; DE #334 at 4-5; Fried Dep. at 215-245 and Exs. 280, 281, and 284; DE #358-1, Pl.'s Exs. 671-682]. While Plaintiff argues that these communications do not rise to the level of a formal claim, Rule 408's exclusion applies even at less formal stages of dispute resolution. *See, e.g., Affiliated Mfrs. v. Aluminum Co. of Am.*, 56 F.3d 521, 527-528 (3d Cir. 1995) (Rule 408 applies to discussions "where an actual dispute or a difference of opinion exists,

---

[9] This issue was also raised by Defendants in Section IV of their Omnibus Motion in *Limine*. [DE #277 at 6-9]. By granting Defendants' Motion, the Court also grants Section IV of Defendants' Omnibus Motion in *Limine*.

8

rather than when discussion crystallize to the point of threatened litigation;" holding that the district court properly excluded evidence of compromise from the parties' discussions related to a dispute and internal memoranda intended as a basis for compromise negotiations). The Court finds that the post-April 2009 communications between Charles Stiefel and Richard Fried reflect compromise negotiations relating to non-party Richard Fried's claim that he was duped into selling his SLI stock. Accordingly, these communications are inadmissible under Federal Rule of Evidence 408 and Plaintiff may not reference or attempt to introduce into evidence any communications between Charles Stiefel and Richard Fried occurring after April 20, 2009 at trial, including Plaintiff's proposed exhibits 671 through 682.[10]

## CONCLUSION

For the reasons set forth above, it is ORDERED, ADJUDGED and DECREED that Defendants' Motion To Preclude Plaintiff's Use Of Certain Proposed Testimony And Exhibits At Trial [DE #389] is GRANTED. Plaintiff shall not be permitted to reference or introduce into evidence any of the following at trial: (1) any portion of Terrence Bogush's November 11, 2005 deposition transcript; (2) testimony or documents relating to non-parties' individual investment decisions, non-parties' personal beliefs or opinions, non-parties' conversations to which Finnerty was not a party and in which Finnerty was not discussed, and/or potential claims of non-parties; (3) testimony or documents relating to the 2009 optional diversification opportunity or SLI's FY10 corporate strategic plans (although, as previously noted, the Court is willing to revisit the ruling related to the corporate strategic plans only at trial upon Plaintiff's request and outside the presence of the jury); and (4) testimony or documents relating to the post-April 20, 2009 settlement negotiations between Charles Stiefel and non-party Richard Fried.

DONE AND ORDERED, in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this _21_ day of November, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record

---

[10] Because the Court finds that this evidence is inadmissible under Federal Rule of Evidence 408, the Court does not need to address Defendants' alternative arguments that this evidence should be excluded under Federal Rules of Evidence 402 and 403.

9