UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21871-CIV-KING

TIMOTHY FINNERTY,

      Plaintiff,

v.

STIEFEL LABORATORIES, INC.,
et al.,

      Defendants.
_____/

## ORDER DENYING TAXATION OF
## COSTS FOR ELECTRONIC DATABASE

**THIS MATTER** comes before the Court upon Greenspoon Marder P.A.'s Bill of Costs (DE #547), filed August 8, 2012, and Supplement to Its Request to Recover Costs Related to the Creation and Use of an Electronic Database Under 28 U.S.C. 1920(4) (DE #570), filed September 10, 2012. Therein, Greenspoon Marder, an assignee of Plaintiff's former counsel, recites $8,017.51 in costs that Defendant agreed to be taxed and also argues that it should be permitted to tax Defendants for the $73,764.82 related to creating and maintaining an electronic database that Plaintiff's former counsel used to manage documents it requested from Defendants in the above-styled action. For the reasons discussed below, the Court finds that the motion must be granted as to the agreed upon costs and denied as to costs related to the electronic database.

### I. BACKGROUND

This case has a long and involved procedural history. The original Complaint (DE #1) was filed as a class action on July 6, 2009 and was dismissed in part, upon Defendants' motion (DE #21), on January 4, 2010. (DE #43). Plaintiff's Amended Complaint (DE #47), filed

1

February 8, 2010, also was dismissed in part. (DE #69). Defendants then answered (DE #75) four of the seven counts in the Amended Complaints,[1] after which Plaintiffs moved for class certification. This Court denied class certification (DE #257) on July 21, 2011 and by November of that year, all Plaintiffs had been dismissed except Timothy Finnerty.[2] The remaining claims were bifurcated so that the first phase would involve a jury trial on the securities fraud claim. *See* (DE #390). Following a seven-day trial in May 2012, a jury found Defendants Stiefel Laboratories and Charles Stiefel liable for securities fraud and awarded damages to Finnerty of $1,502,484.90. *See* (DE #515). Final judgment was entered July 9, 2012, after which Plaintiff's attorneys sought to recover taxable costs under 28 U.S.C. § 1920.

What followed was "a series of contradictory and highly confusing documents regarding Bills of Costs." (DE #566). This in part stemmed from the fact that Plaintiff had been represented by Ruden McClosky ("Ruden") before the firm filed for bankruptcy and assigned its assets to Greenspoon Marder. Thereafter, Greenspoon Marder was not involved in the case. However, in the event that Plaintiff prevailed, Greenspoon Marder held a charging lien against Defendant as an assignee of Plaintiff's former counsel. *See* (DE #532).

To simplify the multitude of confusing filings, the Court ordered counsel to confer pursuant to Local Rule 7.3(c). (DE #566). Two weeks later, on September 5, 2012, counsel filed a Joint Notice of Status Regarding Bills of Costs Filed by Plaintiff and Plaintiff's Former Counsel. (DE #569). The joint notice indicated that Plaintiff's former counsel and current counsel and Defendants' counsel had resolved all but one issue in the various Bills of Costs.[3] The sole remaining issue was "whether costs incurred by Ruden in creating and maintaining an

---

[1] Counts 1-3 alleged ERISA violations; Count 4 alleged securities fraud in violation of the Securities Exchange Act.
[2] To reflect this change, the Court entered an Order amending the case caption on November 7, 2011. (DE #416).
[3] The Court approved the taxation of costs by Plaintiff's current counsel on September 11, 2012. (DE #572).

2

electronic database are properly taxable as "fees for exemplification" under 28 U.S.C. § 1920(4)." (DE 569, ¶ 3).

Ruden had created the electronic database to manage 76,741 documents containing at least 1,830,477 pages. (Dec. Saulog, DE #570-1, ¶ 4). To build and populate the database, Ruden hired temporary paralegals and secretaries whose sole job was to input data and code documents by date, name, title, topic, and keywords. The coding made the documents searchable. *Id.* at (¶¶ 4-7). The database creation and maintenance was overseen by Henry Saulog, then-in-house litigation database analyst for Ruden.[4] In his Declaration, Saulog asserts that "[o]ther than with this type of database management system, a production of this magnitude of over 1.8 million pages would have been more than untenable to realistically use and would have render their production virtually useless." *Id.* at (¶ 6).

In its supplemental brief now before this Court, Greenspoon Marder, as an assignee of Ruden, addresses both an agreed to amount of $8,017.51 for taxable costs and the outstanding issue of costs related to the electronic database. *See* (DE #569). As an initial matter, the Court approves the $8,017.51 taxation of costs, pursuant to the stipulated agreement between Greenspoon Marder and Defendants' counsel.

The Court now turns to whether Greenspoon Marder may recover $73,764.82 for costs related to the electronic database.

## II. Discussion

The prevailing party may tax costs against the losing party, as governed by 28 U.S.C. § 1920. Taxable costs are distinct from attorneys fees, *see* Fed. R. Civ. Pro. 54(d), and are limited to the actual costs of litigation. Costs may only be taxed if they fit within one of six categories,

---

[4] Greenspoon Marder, which now employs Saulog in a similar position, does not seek to recover for his time. *See* (DE #574, p. 2).

including costs for exemplification and making copies. 28 U.S.C. § 1920(4). These are the outer limits of taxable costs. Moreover, Federal Rule of Civil Procedure 54(d) provides the district court with "a power to decline to tax, as costs, the items enumerated in § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *see also Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985) ("In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs.").

In 2008, Congress amended the text of Section 1920(4) for the first time[5] to allow for taxing of "fees for exemplification and the costs of making copies of any *materials*." This amendment was based on the increasing prevalence of electronic discovery in federal actions and an understanding that not all legally relevant documents existed in physical form only. *See LG Electronics U.S.A., Inc., v. Whirlpool Corp.*, No. 08-C-0242, 2011 WL 5008425 at *6 n.1 (N.D. Ill. Oct. 20, 2011); *Jardin v. DATAllegro*, Inc., No. 08-CV-1462, 2011 WL 4835742, at *5 (S.D. Cal. Oct. 12, 2011). "This amendment to § 1920(4) originated with a recommendation of the Judicial Conference Committee on Court Administration and Case Management." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 165 (3d Cir. 2012). The committee considered "whether the list of taxable costs should be amended to include expenses associated with new courtroom technologies" but determined that such breadth "might well go beyond the intended scope of the statute." Judicial Conference of the U.S., *Report of the Proceedings of the Judicial Conference of the United States* 9-10 (Mar. 18, 2003).

There has been general agreement that digital copies—e.g. transmittable duplicate versions, such as TIFF and PDF files—are the "21st Century equivalent of making copies." *CBT Flint Partners, LLC v. Return Path, Inc.*, 676 F. Supp. 2d 1376, 1381 (N.D. Ga. 2009) *rev'd on other grounds* 654 F.3d 1353 (Fed. Cir. 2011). However, the scope of "exemplification and

---

[5] The statute was enacted in 1948. June 25, 1948, c. 646, 62 Stat. 955.

4

costs" in the digital age is unclear in this circuit and most others. "[E]ven though it is undisputed that electronic discovery costs are available under Section 1920(4), there is scant legal authority in this circuit and district giving litigants guidance in seeking those costs under Rule 54(d)(1) and Section 1920(4)." *LG Electronics*, 2011 WL 5008425 at *8. Some courts have interpreted Section 1920 broadly. *See, e.g., Taniguchi v. Kan Pacific Saipan, Ltd.*, 633 F.3d 1218, 1221 (9th Cir. 2011) ("District courts are free to interpret the meaning of the cast of categories listed within § 1920."). Others have read into the statute a much narrower scope. *See Graphic Packaging Intern., Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-37, 2012 WL 2912534 (M.D. Fla. July 16, 2012) (rejecting a motion to tax costs for preparing electronic copies of exhibits, with digital enhancements, that were projected on screens during a patent infringement trial because "the statute is to be interpreted according to its plain language"). Like most circuits, the Eleventh Circuit has yet to address the scope of exemplification and the costs of making copies in the digital age.

The question in this case is even more specific: whether the prevailing party may tax the cost related to an electronic database created solely for that party's benefit or convenience.

When an electronic database has been built for the purpose of responding to discovery requests, some courts have deemed that a taxable cost.[6] However, many more courts have denied such recovery.[7] "Though the statute has been broadened to allow for copying materials as

---

[6] *See CBT Flint Partners, LLC v. Return Path, Inc.*, 676 F. Supp. 2d 1376, 1381 (N.D. Ga. 2009) ("The services are certainly necessary in the electronic age. The enormous burden and expense of electronic discovery are well known. Taxation of these costs will encourage litigants to exercise restraint in burdening the opposing party with the huge cost of unlimited demands for electronic discovery."); *Jardin*, 2011 WL 4835742 at *8 ("[W]here . . . a third-party technician is engaged to perform duties limited to technical issues related to the physical production of information, related costs are recoverable under § 1920.").

[7] *Eolas Technologies Inc. v. Adobe Systems, Inc.*, --- F. Supp. 2d ---, 2012 WL 4092586 at *3, (E.D. Texas July 19, 2012) (rejecting a bill "in excess of $2 million for document collection, processing, and hosting[]" as not recoverable under § 1920); *see also Race Tires*, 674 F.3d at 170 (citing *Mann v. Heckler & Koch Defense, Inc.*, No. 1:08–CV–611, 2011 WL 1599580, at *9 (E.D. Va. Apr. 28, 2011); *In re Scientific–Atlanta, Inc. Securities Litigation*, No. 1:01–CV–1950, 2011 WL 2671296, at *1 (N.D. Ga. July 6, 2011); *In re Fast Memory Erase v. Spansion, Inc.*, No. 3–10–CV–0481, 2010 WL 5093945, *4 (N.D.Tex. Nov. 10, 2010)).

opposed to just papers, it is not so broad as to cover general electronic discovery costs that precede copying or scanning of materials." *Eolas Technologies Inc. v. Adobe Systems, Inc.*, --- F. Supp. 2d ---, 2012 WL 4092586 at *3, (E.D. Texas July 19, 2012). The Third Circuit was particularly critical of the rationale permitting taxing of such costs:

> The decisions that allow taxation of all, or essentially all, electronic discovery consultant charges, such as the District Court's ruling in this case, are untethered from the statutory mooring. Section 1920(4) does not state that all steps that lead up to the production of copies of materials are taxable. It does not authorize taxation merely because today's technology requires technical expertise not ordinarily possessed by the typical legal professional. It does not say that activities that encourage cost savings may be taxed. Section 1920(4) authorizes awarding only the cost of making copies.

*Race Tires*, 674 F.3d at 169.

Since the 2008 amendment to Section 1920(4), no courts apparently have permitted a prevailing party to recover the expenses that Greenspoon Marder seeks to tax. Ruden, as Plaintiff's former counsel, created and maintained the electronic database solely for its own benefit and not for the purpose of facilitating responses to discovery requests.

When confronted with a factually similar motion for costs, a district court in the Eastern District of Virginia denied the motion because the movant had not demonstrated that its searchable electronic database was for anything more than the convenience of the parties. *Fells v. Virginia Dept. of Transp.*, 605 F. Supp. 2d 740 (E.D. Va. 2009).

> Regardless of whether scanning documents should be viewed as copying materials, the court does not find that this category of taxable costs includes defendant's techniques of processing records, extracting data, and converting files, which served to *create* searchable documents, rather than merely *reproduce* paper documents in electronic form. By refusing to expand the traditional notion of "copying" to include a burgeoning array of electronic discovery techniques, the court recognizes the Supreme Court's precept that district courts may decline to tax costs enumerated in § 1920, but cannot award costs not enumerated under § 1920.

6

*Id.* at 743–44 (citation omitted). Significantly, the *Fells* court articulated the distinction between making digital copies and creating a new electronic database. The former fits within taxable costs under Section 1920(4); the latter goes well beyond statutory intent. As noted above, Congress considered a broader expansion when amending the statute but explicitly elected for a narrow expansion that covers only exemplification and costs of copies—not the creation of new, modified, or enhanced digital files.

As contrary support, Greenspoon Marder relies heavily on an opinion from within this district. In *Klaman v. Freedoms Watch, Inc.*, Case No. 07-CV-22433, 2008 WL 4194881 (S.D. Fla. Sept. 12, 2008), the Honorable Paul C. Huck affirmed a portion of a magistrate's report that stated: "Costs for creating a litigation database, trial evidence presentation, and copies are recoverable under 28 U.S.C. § 1920(4) where it is necessary due to the extreme complexity of the case and the organization of millions of documents." The magistrate acknowledged that "[t]hese costs are not expressly outlined by 28 U.S.C. § 1920," but cited to an anomalous case from within another circuit for support. *See id.* (citing *Lockheed Martin Idaho Techs. Co. v. Lockheed Martin Advanced Environmental Sys., Inc.*, CV-98-316-E, 2006 WL 2095875 (D. Idaho July 27, 2006)).

The Court finds the rationale in *Klayman* unpersuasive. First, Judge Huck did not state that the creation of an electronic database would always be a taxable costs; indeed, he subsequently denied taxing such costs in *Klayman* because "the defendants hired experts at a huge hourly cost" to do work that would otherwise "be performed by paralegals and associate attorneys and would not be compensable as costs under 28 U.S.C. § 1920." 2008 WL 5111293 at *2 (S.D. Fla. Dec. 8, 2008). Second, it is unclear from the facts of *Klayman* the type of database the defendants had built or the type that Judge Huck would approve as taxable. Third, the

*Klayman* opinions did not take into consideration the 2008 amendment to Section 1920(4); indeed, the partial affirmance of the magistrates report, which Greenspoon Marder relies heavily on, was entered one month *before* Congress amended Section 1920(4).

As for *Lockheed*, which also was decided before the 2008 amendment, the Court respectfully disagrees with the opinion that Section 1920(4) allows the prevailing party to tax costs if "it saved immense time for counsel who otherwise would have to sift through the documents by hand." 2006 WL 2095875 at *2. The statute enumerating taxable fees and costs is not about making an attorney's job easier.

The other cases cited by Greenspoon Marder, see (DE #570, pp. 4-5), are factually inapposite. None involved the creation of an electronic database for the convenience of the party seeking to tax the cost nor an attempt to tax the cost of temporary employees who coded files to make the database searchable.

Moreover, it is the opinion of this Court that, as noted above, Congress's amendment of Section 1920(4) did not expand taxable costs beyond digital copying to the creation of new, modified, or enhanced digital files. A prevailing party may tax the costs of making digital copies, but "Section 1920(4) does not state that all steps that lead up to the production of copies of materials are taxable." *Race Tires*, 674 F.3d at 169. A holding to the contrary would be "untethered from the statutory mooring," *id.*, and would muddy the distinction between taxable costs, which are generally available to the prevailing party, and attorneys fees, which generally are not available under absent a fee-shifting agreement or statute.[8]

---

[8] *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975) (discussing the America rule for attorneys fees).

8

### III. CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that Greenspoon Marder P.A.'s Bill of Costs **(DE #547)** and Supplement to Its Request to Recover Costs Related to the Creation and Use of an Electronic Database Under 28 U.S.C. 1920(4) **(DE #570)** be, and are hereby, **GRANTED in part and DENIED in part**. Greenspoon Marder shall recover from Defendants the agreed upon amount of $8,017.51. The portion of Greenspoon Marder's motion seeking to tax the costs of creating and maintaining the electronic database be, and is hereby, **DENIED**.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 16th day of October, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:

*Counsel for Plaintiffs*
**Beth-Ann Ellenberg Krimsky**
Ruden McClosky Smith Schuster & Russell
200 E Broward Boulevard
15th Floor PO Box 1900
Fort Lauderdale, FL 33302-1900

**Norman S. Segall**
Segall/Gordich P.A.
801 Brickell Avenue
Suite 900
Miami, FL 33131

**Melissa Alagna**
Ruden McClosky Smith Schuster & Russell
701 Brickell Avenue

9

Suite 1900
Miami, FL 33131


**Counsel for Defendants**
**Hilarie Bass**
Greenberg Traurig
1221 Brickell Avenue Miami, FL 33131

**Monica Janette Chaplin**
Greenberg Traurig, P.A.
333 Avenue of the Americas
Miami, FL 33131-3238

**Lindsey Camp Edelmann**
Greenberg Traurig LLP
3290 Northside Parkway
Suite 400
Atlanta, GA 30327

**Peter N. Hall**
Greenberg Traurig, LLP
3290 Northside Parkway
Suite 400
Atlanta, GA 30327

**Todd D. Wozniak**
Greenberg Traurig
3290 Northside Parkway
The Forum Suite 400
Atlanta, GA 30327

**Deborah Poore FitzGerald**
Walton Lantaff Schroeder & Carson
110 E Broward Boulevard
Suite 2000
Fort Lauderdale, FL 33301